# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VERSAY KENNEL,<br><br>    Plaintiff,<br><br>v.<br><br>ROADRUNNER TRANSPORTATION SYSTEMS, INC., et al.,<br><br>    Defendants.<br>_____<br>TAMEKA PRINCE,<br><br>    Plaintiff,<br><br>v.<br><br>ROADRUNNER TRANSPORTATION SYSTEMS, INC., et al.,<br><br>    Defendants. | Consolidated Case No. 4:18-CV-01542 JAR |

## **MEMORANDUM AND ORDER**

On February 26, 2019, this Court entered its Judgment and Order approving the parties' confidential wrongful death settlement and set the matter for hearing on the issues of apportionment of the settlement funds and the reasonableness of attorneys' fees. (Doc. No. 41). Following a hearing on April 3, 2019, the Court found the parties' agreed upon apportionment of the settlement proceeds fair and reasonable and approved the apportionment. (Doc. No. 52). The Court awarded Plaintiff Versay Kennell his attorney's fees in accordance with their fee arrangement, but found, based on the evidence presented, no binding fee agreement between Plaintiff Tameka Prince and her former attorney Nuru Witherspoon of The Witherspoon Law

1

Group.[1] (Id.). As a result, the Court allowed Mr. Witherspoon to submit a post-hearing brief and any evidence in support of an award of attorney's fees on a quantum meruit basis.

This matter is now before the Court on the Motion for Attorney Fees filed by The Witherspoon Law Group seeking $42,000 in attorney's fees and $11,000 in costs and expenses, for a total award of $53,000. (Doc. No. 56). According to Mr. Witherspoon, the fee requested represents "at least 120 hours of time" billed at an hourly rate of $350 and is "less than half of what is customarily charged." (Affidavit is Support of Motion for Attorney's Fee, Doc. No. 56-1 at ¶¶ 7, 10, 12). As for costs and expenses, Mr. Witherspoon has waived all costs other than a $3,000 non-refundable retainer paid to an accident reconstruction firm to investigate the fatal crash and $8,000 that Ms. Prince "agreed [ ] she owed The Witherspoon Law Group." (Doc. No. 56 at ¶¶ 11-12). Ms. Prince opposes the motion. (Doc. No. 59).

With regard to attorney fees, V.A.M.S. § 537.095.4(2) provides that a court "shall order the claimant . . . [t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." Thus, when considering a request for attorneys' fees, the Court is tasked only with determining whether a fee agreement exists, and if so, ordering the claimant to pay attorney fees as contracted. See Lewis v. Blue Springs School Dist., No. 4:17-CV-00538-NKL, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018); Kavanaugh v. Mid-Century Ins. Co., 937 S.W.2d 243, 247 (Mo. Ct. App. 1996). The Court has found there was no binding fee agreement between Ms. Prince and Mr. Witherspoon. Moreover, Ms. Prince terminated Mr. Witherspoon's services prior to the final resolution of this case. In the absence of a contract, attorney's fees are awarded on a quantum meruit basis - which applies when a contingent fee contract is terminated before settlement as well as where there is no contract. See Collins v.

---

[1] Ms. Prince terminated Mr. Witherspoon's services prior to the final resolution of this case.

Hertenstein, 181 S.W.3d 204, 214 (Mo. Ct. App. 2005) (citing Risjord v. Lewis, 987 S.W. 2d 403, 405 (Mo. Ct. App. 1999)).

"An action sounding in quantum meruit is based upon a person's implied promise of reasonable and just compensation in return for the performance of valuable services, performed at that person's behest or with his approval." McCoy v. The Hershewe Law Firm, P.C., 366 S.W.3d 586, 597 (Mo. Ct. App. 2012) (quoting Turpin v. Anderson, 957 S.W.2d 421, 427 (Mo. Ct. App. 1997)). The party asserting the right to attorneys' fees in quantum meruit bears the burden of proving the reasonable value of services performed. Id. The failure to prove reasonable value is fatal to a quantum meruit claim. Id. (citing Reid v. Reid, 950 S.W.2d 289 (Mo. Ct. App. 1997) (vacating an award of $65,000).

To determine what constitutes a reasonable attorney's fee value in quantum meruit, consideration must be given to: "(1) the time, nature, character and amount of services rendered; (2) the nature and importance of the litigation; (3) the degree of responsibility imposed on or incurred by the attorney; (4) the amount of property or money involved; (5) the degree of professional ability, skill and experience that was called for and used; and (6) the result that was achieved." Id. (quoting Turpin, 957 S.W.2d at 427).

Although Mr. Witherspoon's quantum meruit claim lacks documentary support, there is support in the record for the Court to find that he and The Witherspoon Law Group provided Ms. Prince with valuable services over a period of approximately 15 months and reached an understanding to settle the case, which Ms. Prince ultimately agreed with. After hearing evidence on attorneys' fees in this case, and applying the foregoing factors to that evidence, the Court finds that an attorney's fee of $42,000 is fair and reasonable for the services Mr. Witherspoon and his law firm provided to Ms. Prince. The Court will award Mr. Witherspoon his costs

incurred in retaining the accident reconstruction firm in the amount of $3,000, but disallow the $8,000 purportedly owed The Witherspoon Law Group by Ms. Prince. Mr. Witherspoon has provided no evidentiary support for the Court to base such an award.

The Court is also in receipt of the consolidated billing statement of Ms. Prince's new counsel reflecting her fees of $13,605.60. The Court previously found the request of Plaintiff's counsel for fees incurred as of April 3, 2019 in the amount of $9,521.85 (42.05 hours x $225) was fair and reasonable and agreed to by Ms. Prince. (Doc. No. 52). From April 3, 2019 to May 9, 2019, counsel billed $4,083.75 (18.15 hours x $225). (Doc. No. 62-1). The Court again finds that these fees are fair and reasonable under the circumstances of this case and agreed to by Ms. Prince.

Therefore, the Court will direct that the awards of attorneys' fees to Mr. Witherspoon and Ms. McKinstry be distributed from Ms. Prince's settlement proceeds, with the remaining balance of those proceeds distributed to Ms. Prince.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Attorney Fees filed by The Witherspoon Law Group [56] is **GRANTED** in part. The Witherspoon Law Group is awarded $42,000.00 in attorneys' fees and $3,000.00 in costs, for a total award of **$45,000.00**.

**IT IS FURTHER ORDERED** that counsel Natalia McKinstry is awarded her attorney's fees in the amount of **$13,605.60.**

**IT IS FURTHER ORDERED** that **no later than Friday, May 31, 2019**, Ms. McKinstry, on her own behalf and on behalf of Ms. Prince, shall submit a proposed order for disbursement of the settlement proceeds in accordance with the rulings herein and pursuant to E.D. Mo. L. R. 13.04(C)(3).

**IT IS FINALLY ORDERED** that **no later than Friday, May 31, 2019**, Mr. Witherspoon, on behalf of The Witherspoon Law Group, shall likewise submit a proposed order for disbursement of the settlement proceeds in accordance with the rulings herein and pursuant to E.D. Mo. L. R. 13.04(C)(3).

Dated this 16th day of May, 2019.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**